UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| STEVEN JAMES TURBEVILLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-CV-215-TAV-DCP |
| DAVID RAY, CLAIBORNE COUNTY, TN, TERRESA JOHNSON, and LARRY MARTIN, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff is a prisoner proceeding pro se on a complaint for violation of 42 U.S.C. § 1983. On July 16, 2019, this Court entered an order screening the complaint and providing Plaintiff twenty (20) days from the entry of its order to return a service packet for the remaining Defendants [Doc. 11]. Plaintiff was warned that if he failed to timely comply with the order, the Court would dismiss this action [*Id*. at 2]. Plaintiff's deadline has expired, and he has not complied with the Court's order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3)

whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

With respect to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Court's order, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal.

With respect to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

With respect to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 11 p. 2].

Finally, with respect to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was proceeding *in forma pauperis* [Doc. 8] in this matter and has not pursued the case since sending a change of address to the Court [Doc. 10] over ten months ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b), and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE